UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EDWARD T. SAADI, Plaintiff, | CASE NO. 4:09-MC-00018 |
| vs. | ORDER & OPINION [Resolving Doc. Nos. 8, 9] |
| PIERRE A. MAROUN, Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Edward T. Saadi moves the Court to award him attorney's fees and expenses for time spent and costs incurred in a discovery dispute with a witness whose documents were sought in discovery, Antoine Maroun ("Maroun"). [Doc. 8.] Non-party Antoine Maroun opposes the Plaintiff's motion and requests the Court instead award him attorney's fees and costs. [Doc. 9.] For the following reasons, the Court **DENIES** the Plaintiff's motion for attorney's fees and costs and **DENIES** Antoine Maroun's request for attorney's fees and costs.

## I. Background

This matter arose from a discovery dispute in an underlying case in the United States District Court for the Middle District of Florida in which Plaintiff Saadi sued Antoine Maroun's brother, Defendant Pierre Maroun. On or about February 12, 2009, Plaintiff Saadi issued subpoenas from this Court to Antoine Maroun, Maroun's Motors, Inc., and Maroun's Import Specialists, Inc.[1/] [Doc. 1 at 1.] On February 27, 2009, Plaintiff Saadi filed a motion in this Court to compel compliance with discovery, claiming that Antoine Maroun, Maroun's Motors, and Maroun's Import Specialists

[1/] Antoine Maroun is the President/CEO of Maroun's Motors and Maroun's Import Specialists. [Doc. 4-6.] He is also the cousin of the Plaintiff, Edward Saadi. [Doc. 9 at 1.]

failed to respond, insufficiently responded, and illegibly responded to the subpoenas, respectively. [*Id.*] Antoine Maroun did not respond.

On July 17, 2009, Plaintiff Saadi filed an Emergency Motion to Compel Compliance with Subpoenas against Antoine Maroun, Maroun's Motors, and Maroun's Import Specialists. [Doc. 2.] The Court granted this motion in a marginal order dated July 21, 2009. [Doc. 3.] On September 16, 2009, the Plaintiff filed another Emergency Motion, this time asking the Court to Order Antoine Maroun to Show Cause why he should not be held in contempt. [Doc. 4.] With the motion, the Plaintiff alleged that he had still not received any documents from Maroun or his companies that were responsive to the subpoenas. [*Id.* at 2.]

The Court granted the motion to show cause on September 22, 2009 and scheduled a hearing on the motion for September 28, 2009. [Doc. 5.] On September 23, 2009, Maroun retained attorney Matthew Blair, who contacted Plaintiff Saadi and informed him that the requested documentation did not exist. [Doc. 9 at 2.] Plaintiff Saadi referred Blair to his counsel, Elizabeth Farbman, who did not respond to Blair's phone calls until September 25. [*Id.*, Doc. 9-1.]

On September 24, Antoine Maroun executed an affidavit swearing that his prior response to the subpoena reflected all the relevant documents in his possession and that he could find no other records containing information requested by the subpoenas. [Doc. 9-2.] Blair communicated the same to Farbman when he spoke with her on September 25, and the same day mailed her a letter and Maroun's affidavit. [Doc. 9-1, 9-3.]

Having received no communications from either party, this Court held a Show Cause hearing on September 28, 2009. At the hearing, the Court suggested that Attorney Farbman conduct a search of Maroun's email account. After looking through Maroun's AOL account, Farbman did not find

any relevant documents.

On September 30, 2009, Plaintiff Saadi, through his counsel Farbman, moved the Court to award attorney's fees and expenses pursuant to Federal Rule of Civil Procedure 37(a)(5).[2/] [Doc. 8.] Maroun opposes the motion, and asks the Court to instead award him attorney's fees and costs. [Doc. 9.]

## II. Legal Standard

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a court grants a motion to compel disclosure or discovery, or if the disclosure is provided after a motion to compel is filed, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless one of three exceptions is met. Fed. R. Civ. P. 37(a)(5)(A). A court must not authorize such payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* A party meets the "substantially justified" standard if "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The Sixth Circuit has adopted a four-factor test regarding whether to impose sanctions: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2)

---

[2/] In his brief, Plaintiff Saadi cites Rule 37(a)(4) as the basis for his motion. [Doc. 8 at 1.] However, Rule 37 was amended effective December 1, 2007, and the authority to order a noncompliant party to pay the movant's reasonable expenses when granting a motion to compel disclosure or discovery is now found in Rule 37(a)(5). Fed. R. Civ. P. 37(a)(5); *Halpern v. Atlas Van Lines*, 2009 WL 484202, at *2 n. 17 (N.D. Ohio Feb. 25, 2009).

whether the adversary was prejudiced by the party's failure to cooperate in the discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

III. Analysis

Plaintiff Saadi requests that the Court award him attorney's fees under Rule 37 for costs he incurred preparing, *pro se*, the motions to compel discovery and to show cause and the costs of retaining Farbman for the show cause hearing. However, the Court finds that sanctions are not warranted in this case because Antoine Maroun, through his counsel Blair, notified Saadi that Maroun did not possess any discoverable documents approximately 5 days before the scheduled hearing; Blair attempted to contact Farbman at that time; and Blair did communicate to Farbman this information approximately three days before the hearing. Thus, Saadi and/or Farbman could have contacted the Court to cancel the hearing, and saved the majority of Saadi's expenses in retaining Farbman. Moreover, at the show cause hearing, Farbman conducted a simple search of Saadi's email account and was satisfied that he had not failed to produce any additional discoverable materials.

Because the Plaintiff did not make a good faith effort to obtain access to Maroun's email account, and such a search could have been conducted without court action, the Court finds that awarding attorney's fees to Plaintiff Saadi is not warranted. *See* Fed. R. Civ. P. 37(a)(5)(A)(i).

Witness Maroun also requests that the Court award him attorney's fees for the costs of defending the motion to show cause. The Court finds that awarding attorney's fees to Maroun is similarly unwarranted. Maroun's August 11, 2009 response was not fully responsive to Saadi's

subpoenas, and, based on that response, Defendant Saadi could have reasonably believed that Maroun possessed discoverable materials.[3] Moreover, while Saadi filed his emergency motion to show cause on September 16, 2009, Maroun filed no response to the motion, and apparently did not attempt to contact Saadi regarding the motion until September 24, after retaining Blair. As both parties seem to be somewhat at fault in not earlier resolving this discovery dispute, the Court finds that awarding attorney's fees to either party would be "unjust" and that each party should bear its own costs. *See* Fed. R. Civ. P. 37(a)(5)(iii)-(a)(5)(B).

IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Plaintiff's motion for attorney's fees and costs [Doc. 8] and **DENIES** Antoine Maroun's request for attorney's fees [Doc. 9].

IT IS SO ORDERED.

Dated: October 20, 2009

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

[3] As noted above, however, the Court believes that Mr. Saadi could have discovered that Mr. Maroun did not possess additional documents without invoking the further action of this Court.